ALEJANDRO RENÉ BERRIZBEITÍA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 801.   Submitted February 13, 1930.—Decided February 24, 1930.

*Raúl Benedicto*, for appellant.   The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

For the purpose of stating the facts in the present case, it will suffice to reproduce here the following excerpts, taken from the petition for review filed in this administrative appeal:

"On August 16, 1927, José Manuel Juan Bautista Ramón de la Santísima Trinidad Berrizbcitía died in the city of Bordeaux on November 18, 1916, leaving a will by which he devised and bequeathed all his property to his wife Juana Dussaut and, after her death, to his son Alejandro René, who was not to claim any part of the inheritance during the lifetime of the widow.

"In a document subscribed in Bordeaux before notary Henry Lefay, Alejandro René Berrizbeitía declared his acceptance of the will left by his father and gave his consent for his mother to enjoy the estate in the manner provided, without reservation.

"When the above documents were presented for record in the Registry of Property of San Juan (First Section), they were ac-

cepted by the registrar but subject to the curable defect noted that they failed to state whether Alejandro René Berrizbeitía was the only child of the testator.

"For the purpose of curing the said defect, there was presented in the registry a document, subscribed in the city of Bordeaux before notary Alberto Malauzat on February 1, 1928, in which William Grisch and Georges Ducarpe declared that they were well acquainted with José Manuel Juan Bautista Ramón de la Santísima Trinidad Berrizbeitía, that he lived in Bordeaux, that he was married to Juana Dussaut, and that Alejandro René Berrizbeitía was the only child born of said marriage; but the registrar refused to accept this document as a correction of the defect noted, which refusal is the object of the present appeal."

The ruling of the registrar was correct. The declaration of a competent court with jurisdiction over the property involved can not be substituted by the statements of two or more persons, made before a notary of a foreign jurisdiction. Even though full credit were given to such statements, they could have no greater effect than that allowed to affidavits by the statutes in our own jurisdiction. In *Brac* v. *Registrar of San Juan*, 23 P.R.R. 696, this court held that an affidavit is not sufficient to cure certain defects noted on the registry. In that decision mention was made of the cases of *Hernández* v. *Registrar*, 14 P.R.R. 768, and *Barreras* v. *Registrar*, 15 P.R.R. 542; and it was said (pp. 697–698):

"The affidavit presented by the appellant for the purpose of proving to the registrar that the vendor was a widow when she acquired the property sold to him and of correcting the defect which prohibited the record is not the proper document for that purpose, for, as was said in the case of Delgado v. The Registrar of Caguas, 22 P. R. R. 117, and that of Successors of Andreu & Co., Ltd. v. The Registrar, therein cited, the primary object of an affidavit is for court purposes, although it may be used for other purposes when expressly permitted by law; and there is no authority for the use of an affidavit to show the separate character of a piece of property."

That doctrine has been confirmed in later cases.

The decision appealed from will be affirmed.

Mr. Justice Wolf concurs in the result.